# UNITED STATES COURT OF APPEALS

# FOR THE FIFTH CIRCUIT

---

No. 96-21152
Summary Calendar

---

RUSSELL WADE EASON,

Petitioner-Appellant,

versus

GARY L. JOHNSON, DIRECTOR, TEXAS
DEPARTMENT OF CRIMINAL JUSTICE,
INSTITUTIONAL DIVISION,

Respondent-Appellee.

---

Appeal from the United States District Court
For the Southern District of Texas
(H-96-CV-2025)

---

June 24, 1998

Before POLITZ, Chief Judge, JONES and DeMOSS, Circuit Judges.

PER CURIAM:[*]

Russell Wade Eason, a Texas state prisoner, appeals the denial of his petition

under 28 U.S.C. § 2254 for a federal writ of habeas corpus. Eason asserts that he

---

[*]Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

was denied due process in connection with his parole revocation.[1] Specifically, he contends that in determining that he had violated his parole by assaulting and making terroristic threats against his wife, the hearing officer relied on statements by Eason's wife which she recanted, and relied on hearsay to support the recanted statements.

Our review of the record persuades that Eason was accorded due process in connection with his parole revocation.[2] The record reflects that the hearing officer did not rely solely on the recanted statements but, rather, also considered the wife's testimony and another statement submitted at the hearing which were consistent with that recanted. Further, the hearing officer's determination was not based on hearsay from a neighbor, police officer, medical staff, or the 911 operator, but, instead, it was based in part on statements that the wife confirmed that she made to them. Finally, it is clear from the record that Eason's wife made the challenged "Shields" statement. Considering that she testified at trial on Eason's behalf, Eason manifestly was not denied the right to examine her about same.

---

[1] Eason also argues that his parole revocation was heard by a parole officer, not by a parole board panel as required by state law and, therefore, constituted an unconstitutional statute. Because this court specifically denied a COA on Eason's issues regarding violations of state law or policies at the hearing, this issue is not subject to review. **Lackey v. Johnson**, 116 F.3d 149 (5th Cir. 1997).

[2] **Morrissey v. Brewer**, 408 U.S. 471 (1972); **McBride v. Johnson**, 118 F.3d 432 (5th Cir. 1997).

For the first time on appeal, Eason asserts that he did not testify in his own defense at the revocation hearing because he had not been granted use-immunity and any statements he made at the hearing could have been used against him during the trial on the assault and terroristic threat charges. No certificate of appealability has been granted on this issue; it is not subject to appellate review.[3]

For the foregoing reasons, the judgment of the district court is AFFIRMED. Eason's motion to expedite the appeal and to place it on the summary docket is DENIED as moot.

---

[3] **Lackey**, 116 F.3d at 151-52.